**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD JONES; et al., | No. 17-16788 |
| Plaintiffs-Appellants, | D.C. No. 1:16-cv-01725-LJO-EPG |
| v. | |
| MICHAEL KEITZ; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted September 12, 2018**

Before:    LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Ronald Jones, John Cayanne, and Jim Glasscock appeal from the district

court's judgment dismissing their 42 U.S.C. § 1983 action alleging federal and

state law claims arising from their arrest and criminal prosecution.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for failure to

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

state a claim under Federal Rule of Civil Procedure 12(b)(6). *Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014). We affirm.

The district court properly dismissed plaintiffs' malicious prosecution claims against defendants Anderson and Biehm because plaintiffs failed to allege facts sufficient to show that former District Attorney Keitz did not "exercise[] independent judgment in determining that probable cause for [plaintiffs'] arrest exist[ed] . . . ." *Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir. 1981), *overruled on other grounds by Beck v. City of Upland*, 527 F.3d 853, 865 (9th Cir. 2008); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court properly dismissed plaintiffs' claim against defendants Madera County and the Madera County Sheriff's Department because plaintiffs failed to allege facts sufficient to show that plaintiffs were arrested pursuant to an expressly adopted official policy or a long-standing practice or custom, or that defendants "possess[ed] final authority to establish municipal policy with respect to the [arrest]." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986); *see also Iqbal*, 556 U.S. at 678; *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013) (county may be subject to damages under § 1983 "when the plaintiff was injured pursuant to an expressly adopted official policy, a long-standing

practice or custom, or the decision of a final policymaker" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying plaintiffs further leave to amend because amendment would be futile. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (setting forth standard of review and noting that a district court's discretion is particularly broad when it has already granted leave to amend).

**AFFIRMED.**